Good morning, Your Honors, and may it please the Court, I'm Ed McGoran, and I'm the attorney for Mr. and Mrs. Faitalia, and I'm here with Gene Christensen. We're requesting that this Court reverse the BAPS decision, and we will argue as such. In order to affirm the BAPS decision, this Court will need to either distinguish the Penrod case cited in our briefs, something that the BAPS did not attempt to do, or we'll need to overrule Penrod. Well, Penrod doesn't deal with this statute though, right? It doesn't. So let's focus on this statute, and see, and Penrod came out one way, and the Able Bankruptcy Panel came out the other. It's not free from doubt. Tell me which of the three parts of the statute are implicated here. All three. Well, this is certainly not a foreclosure action, is it? Well, it is in the sense, it is not a foreclosure action, but the Court needs to consider the history of what was going on. No, but just, we're talking about the bankruptcy proceeding. You're claiming that they were not the prevailing party in the bankruptcy proceeding. Well, what the statute says is... So tell me, were they seeking foreclosure in the bankruptcy proceeding? No, but... So turn to the other two parts of the statute. Which of those do you think is applicable? Governor, you keep on foreclosing for just a minute. You're saying it's covered by foreclosing. Can you tell me why you say it's covered by foreclosing? Yes. Okay, please as the bankruptcy judge said, Village Park does not have a lien. Well, that's not what the bankruptcy judge said, actually. What the bankruptcy judge said was, for purposes of the bankruptcy, they would be treated as an unsecured creditor. If, for example, you don't carry through with the Chapter 13 plan, the lien remains, does it not? It would be a lien under 5060. Well, does 5060 really void the lien, or does it simply say, for purposes of bankruptcy, we treat you as unsecured? Well, I'm not interested in what the bankruptcy judge did. I'm interested in what your client was doing and whether or not that qualifies under the statute. And if the bankruptcy judge rules that, okay, you can't foreclose, that doesn't mean that there wasn't some foreclosing going on. So what the bankruptcy judge ruled really doesn't make any difference to me. What I'm trying to figure out is, does the statute when it says, all costs incurred for, quote, foreclosing any lien, does that cover taking steps that might lead to foreclosure as well as foreclosure itself? Because the best you can do is that this was steps leading toward foreclosure, because this is obviously not a foreclosure action. Well, Your Honor. So how broadly can I read the statute? I think the strongest argument for our side is in A3. I think it is, too. That's why I was trying to get you there. But I do believe that A3 also resolves A2 and A1. Because if you don't have a lien to enforce under A1, you cannot collect from the property. You are limited now as an unsecured creditor to collect pennies on the dollar from the debtor. And yes, if you complete the case, the lien would not be reinstated, you do not have a lien to foreclose. But if we focus solely on the Penrod issue, which is enforcement of the provision of the which attached to it the foreclosure declaration of Ms. Hodges, who is the managing agent for Village Park. And attached to that was the lien and the association documents. The 421J10A3 gives the association the right to a lien and to foreclose that lien upon recordation of the lien. That's what they did in 2010. They commenced the foreclosure in 2010. We know the history of this case, so let me ask you. I think the question both Judge Fletcher and I are asking in a different fashion. We're in a Chapter 13 bankruptcy here, and somebody files a claim. And the district court quite appropriately, nobody now disputes. Let's assume the district court appropriately says, well, the amount of your, you have a valid lien under state law. I'm not saying you don't. But for purposes of bankruptcy, because the prior lien is bigger than the value of the property, I'm going to put you in the unsecured class. That's what happened here. Nobody said, you don't owe the money, or the lien was improperly recorded, or you're asserting a claim that's not valid. It just got put into the unsecured box as opposed to the secured box. Right. So that's this case. Tell me why it fits within the statute. Because of A3, Your Honor. A3 says that Village Park is entitled to fees for collecting, for foreclosing, and or for enforcing any provision of the association documents. What did they do to enforce? They filed a secured proof of claim. If they filed an unsecured proof of claim, would you be entitled to fees? If they had not objected to the motion to value collateral, we would not be here. That's what I'm focusing on. Your fees really didn't arise from their filing of, from their claim, did it? Your fees arose from a fight about value and collateral. Absolutely correct. And is that within the statute? Yes. Because by filing the objection to the motion to value collateral, to borrow the words of Penrod, they were insisting that their lien be enforced. They were insisting that they either be paid in full in the bankruptcy, and if not, the plan would not have been confirmed unless the debtor surrendered the property. Mr. McGurin, I want to get back to your interpretation of A3. Yes. You said it's covered under A3 because this is enforcing any provision of the documents, but there's another way to look at this provision. It's merely a proceeding to determine the value of the property, right? That's the narrowest definition of what's going on. Now, just a minute. The only reason the association opposed the proposed evaluation was because, you know, they would be left out as unsecured. So I think you're reading this as saying enforcing any provision of the association documents or any other proceeding related to such a proceeding, right? Well. I mean, this is not, this is not a proceeding to enforce the document. It's a proceeding to determine the value of the property in order to determine whether the lien will be paid. Exactly right. So you say, for any enforcing the provision or any proceeding related to enforcing the provision. Isn't that a broader definition of the A3 than the plain reading of the statute warrants? I do not believe so, Your Honor. Well, can you give me a case that says that? Penrod. Penrod has nothing to do with it. Penrod is a, right? 1717 in the California Civil Code. And it just depends on, you know, which side is which. That's all. It doesn't have anything to do with enforcing. Show me the language in Penrod then that bears specifically on the HRS 421J10. The language in Penrod, the 1717 statute is an action on a contract. And that has been interpreted by California courts to mean an action to enforce or avoid enforcement of a provision of the contract. Right. In objecting to the motion to value collateral, Village Park was attempting to enforce the lien provision of the contract. But this is not 1717. This is, this is 421J. And it's a clearer mandate than 1717 in that. All right. Show me the specific language in Penrod you're depending on. I don't have it in front of me. You don't have it. It's probably not there. That's why. Well, I assume the language you're relying on is that the court's saying since the only possible source of the debtor's right to treat the claim as fully secured was the contract, the action arose out of contract. Yes. But isn't that different? Isn't the language of this statute different than the California statute? The California statute gives fees to the prevailing party in an action that arises out of contract. Here it gives fees, if we focus on three, to the prevailing party or the non, put aside the statutory language so I can say it's the prevailing party, in an action for enforcement of a lien. That's, that's, it's not as broad as the California statute is. It says, the A3 says enforcement of any provision. Right, any provision of the contract. Article 6 of the contract, which is at ER 768, is the contractual provision which says if you don't pay the assessments, we're entitled to a lien on the property if I understand that the source of their claim comes from a contract, but I'm trying to ask you whether the California statute, which awards fees, as I recall, in actions arising out of contract, is broader than this A3 which talks about actions for enforcement of a contractual provision. Well, I cite to Judge Watford when he says that the only possible source No, I agree, I agree with Judge Watford. I'm not as, I'm not clear on my question, I guess. What does the California, when do you get fees under the California statute? When you are the prevailing party in an action to enforce the lien, or avoid enforcement of the lien provision. No, no, what is the California statute? That's not, the California statute is a contract statute. Right. What does the statute say? It says an action on a contract, and that language, action on a contract, has been interpreted by California courts to mean that the party who prevails, who enforces or avoids enforcement of a contractual provision, that prevailing party is entitled to fees. And so my question is, and I don't know the answer to it, so I'm not, I don't mean, I don't think you should treat it as Well, it talks about enforcement of a contract, right? Yes. Is enforcement of a contract broad enough to cover this proceeding? I think action on a contract might be. Is enforcement of a contract broad enough? I believe it is, and I believe if you look at the first part of 421J10A, it says that all costs and expenses, including reasonable attorney's fees, incurred on behalf of the association for, for doing any of these following things. It doesn't even require an action. Indeed. I'm inclined to agree with my colleagues that, you know, Penrod deals with the California statute. There's certain overlap, but it's really not the same case. We've got a different statute here, and I prefer to talk about the Hawaii statute. The Hawaii statute is an odd one, because it doesn't require that you be the prevailing party. It requires that they not be the prevailing party. Yes, Your Honor. So, if it does any of the three things, one, collects, two, forecloses, three, enforces, or sojourned, collecting, foreclosing, enforcing, and it does not prevail in so doing, it owes you fees. Yes, Your Honor. Now, the question is, back to where I've been all along, is what's the meaning of foreclosing under the statute? Is it steps toward foreclosing? Is it steps towards enforcing? Because if it's, if it's steps toward, they clearly haven't prevailed. Because what they wanted to do was they wanted to get a declaration that there was a valid lien here because of the valuation. On the other hand, there's no showing here at all that this is not a valid debt upon which they can, can recover, they can enforce. Sounds as though there's no disputing at the moment that the debt is owed. The only question is in what form it's going to be paid, or paid partially, or whatever. So, the underlying attempt to collect or enforce is still there, and as far as I can tell, they're going to win. They just haven't won so far, and in the proceeding that they brought, they were not the prevailing party. So, I come back to why do you tell me that they were doing something called enforcing within the meaning of the statute, when indeed it looks to me, down the road, they will be able to enforce, although your client may be able to get away with pennies on the dollar because of the bankruptcy. Well, they were unable to enforce the lien. I mean, you must agree that the lien provision is in the contract. You must agree that in objecting to the motion to value collateral. But they were not actually foreclosing. They were taking steps toward foreclosing. Okay, I understand that, and if the debtor receives a discharge, they will not be able to foreclose, period. But they were not able, sticking with A3, they were not able to enforce this lien provision, and therefore, they did not prevail in that effort for enforcing. So, you're saying because there's a lien provision, they can't enforce the lien provision, therefore, they are not prevailing, even though, in fact, they will eventually be able to recover on the debt, provided they can find some money in the pockets of your unfortunate client. They will be entitled to some money as an unsecured creditor. They do not have a lien provided, yes, that the debtor completes the plan. They will no longer have a lien to enforce. They will have to dismiss their foreclosure action. They will only receive six cents on the dollar. They insisted that they be paid in full, and if not, that the debtor would have had to surrender the property. The debtor still has the property. The debtor is paying them as a secured creditor as a direct result of them not being able to enforce their lien provision. And we think that that's also, we think that the BAP's decision was harkening back to phobia, in that when the BAP found that this statute simply doesn't apply to the Penrod decision, and the criticism in Penrod, of the bankruptcy court in Penrod, when Judge Watford wrote that it was an overly narrow reading of the statute, and that the court erroneously held that Section 1717 applies only if the party defeats enforcement under non-bankruptcy. But as my colleagues have indicated, Judge Watford was talking about an overly narrow reading of a California statute. This is a statute with very specific language, and we're trying to figure out, and I think maybe we've exhausted it, which of the boxes inside A1 through 3 this fits in. If you were suing under 1717, if this were a 1717 case, you'd win. We believe all three boxes, but particularly A3, and we harken back to the traveler's language cited in Penrod that says that the state statute applies unless it's expressly excluded. Yeah, but that's, of course a state statute applies. We all understand that. We're just trying to figure out what state statute means. Let's hear from the other side. You've taken yourself, or we've taken you rather, well over time, but we will give you a chance to respond. Thank you, Your Honor. May it please the Court, my name is John Wernicke, and with me is Dennis King, and we represent Village Park Community Association. Tell us why Penrod shouldn't control this case. Because Penrod is a case that is concerned with a California statute. It's concerned with a different statute. In this case, any case of this nature, the Court must apply the state... Well, it was still, you know, the same kind of application in the sense that they wanted fees for a, I'll call it a related bankruptcy proceeding, right? Right. There was a contract that was at issue in that case. Well, this is a contract case, isn't it? No. Well, it could be viewed as a contract, but it was never viewed as a contract. The Court in this case specifically ruled that the Hawaii statute pertaining to attorney's fees in contract disputes, analogous to the California statute 1770, doesn't apply. Nobody raised that issue. But we're dealing with a case where, at the end of the day, you're association documents, aren't you? Are you not? It can be. Well, it has to be. The only source of your claim, whether it's in or outside of bankruptcy, is because the association documents require the payment of fees and turn it into a lien if not paid, right? So if the question in this case is, does your claim arise out of the association documents, it's a pretty easy answer, isn't it? Well, I think it's not that simple. I think what we have to do here is to focus on what the statute says. I am. I am. So let's put aside the enforcement question for a second. See if we can agree on the easy parts. In the absence of the association documents, your client would have no claim at all, correct? There would not be any claim or issue here. Yes, okay, so we agree. So now it's a question of whether or not this is a case that seeks enforcement of the association documents. Why isn't it? So the statute specifically provides that attorneys' fees will be awarded to, if the association is not the prevailing party, to the homeowner in this case, incurred in by such person as a result of action of the association. So the question is, what action of the association is involved here? We just have to focus on the language of the question that I'm trying to ask you. Is your filing of a claim in the bankruptcy proceedings and asserting that by virtue of the association documents that claim is secured, is that an action for enforcement of a claim? That's indeed the correct question. The answer is no, and that's what the bankruptcy court said. I know that's what the bankruptcy court said, but tell me why. Why? Because the question is, what action are we talking about here? So what really happened here is that the debtors took an action by filing a bankruptcy petition to protect himself, you might say, or to eliminate the association's claim. It was really the filing of the bankruptcy petition that was the action that was taken by the plan, which included a motion to modify, not really invalidate, but just modify under bankruptcy law the lien. So those were the actions that were taken by the debtors. And what did your client do? Your client objected to the confirmation? Right. Objected to the plan? Right. And also, previously, I assume, filed a notice of claim, correct? And filed a proof of claim or notice of claim. Proof of claim. Yes. Did your client... The way the bankruptcy proceedings work is nobody had to institute an adversary proceeding here, because if your objection, it just moved into a resolution of that issue, right? Right. That's basically just procedural, right? In this case, it wasn't, per se, adversary proceedings. So your position is that you didn't maintain an action, the other side did, and you merely appeared in it to assert your position? Correct. That's exactly correct. Just think about it. The bankruptcy appellate panel briefly explained the policy under the American rule that the prevailing party, that each party pays their claims. What's happening here? If, indeed, the filing of the proof of claim is the action, then you better not file proof of claim in this kind of situation, because if you file, then even if you didn't object to that plan or that valuation, you'll still be liable for attorney's fees, because they would still... I mean, the debtor is still going to go forward with the plan, they go forward with the appraisal, they go forward with the hearing on this motion to confirm plan, and then presumably they will so-called prevail in the sense that the plan will be confirmed, and the association pays attorney's fees because they filed a proof of claim. Where does maintaining an action language come from? I'm sorry? Where does the requirement that the action be maintained come from? The affirmative... You talk about there being a requirement of some affirmative act by the Homeowners Association. Why isn't the filing of a claim an affirmative act? Well, in this case, it is simply... Of course, it is some form of an affirmative act, but what type of affirmative act? Is this the action of the association that Hawaii Statute 421 J10A refers to? The Hawaii Statute has two parts, A and B. There's part B that talks about debtor's action, or I'm sorry, in this case, the homeowner's action. So it says in part B that if the homeowner is the prevailing party or member, the language in the statute is member, if the member is the prevailing party in any action against the association to enforce provisions, then the association shall be awarded... Right, but we all agree this doesn't fit under B. They're not bringing an action to enforce the provisions. Right, so it doesn't apply, but... So why doesn't A apply? Because this is not an action of the association. This is an action of the debtor. The filing of the proof of claim cannot be construed in this case to be an action to collect the debt, because that would lead to absurd results. Wait a minute. Can I interrupt that? But that argument takes, I think, too much too far. So what, for example, they file bankruptcy. They're entitled, in Chapter 13, the homeowners association, I'm now assuming, and this is not what happened, but the homeowners association now files a proof of claim that has absolutely no basis whatsoever, and you lose. Well, it seems to me that that would clearly be covered under the statute. I don't think it makes a difference that they are the ones who file bankruptcy. The homeowners association does something, and I think that is an action that would qualify under the statute, provided it is one of the three kinds of actions that we have described here, collecting, foreclosing, or enforcing, and if the action taken by the homeowners association is enforcing a debt based upon a provision that clearly does not apply, it seems to me that the statute says attorney's fees are recoverable against you. Now, that's not the case here. That is to say, there seems to be little dispute that in fact money is owed to the homeowners association, and really the question is, in what manner will they be collected, and in what proportion eventually will they be collected? So the case I've hypothesized isn't the case in front of us, but it cannot be an answer that, well, because they filed for bankruptcy, this statute cannot apply. Well, there's... If you filed a frivolous claim, wouldn't they be entitled to the fees under the statute? No, not necessarily. No? They may be entitled for some other reason to fees if this is a frivolous claim, but if they... But simply by virtue of filing a claim, that... Well, let's respectfully disagree on that and turn to the... There's two questions here that are troublesome, and I'm not sure... I'm not sure we're getting... I'm not sure we're in the same wavelength on them. One is, is this an action, as the statute says, to enforce the documents? And second, who was the prevailing party? Right. So with respect to the first question, let's say that this is not a bankruptcy proceeding, but that the debtors filed some other proceeding in the court that... To invalidate your claim. Right, right. And the association files an answer and says, we disagree with that. We think that we are owed the money. Let's go through with your example. Let's assume that the debtors filed an action in state court. There's no bankruptcy. They say we owe $11,000, but we think we're only liable to them for $1,000. And they prevailed. You would owe fees, would you not? No. That is not association action. In that case, this is clearly not the association actions to enforce or... You think that would fall under B? That would fall under B, right. But if you filed an action in state court to collect, it would be covered? Yes, that would be covered, right. Put aside that issue. The statute says fees will be awarded to the homeowners if the homeowners association is not the prevailing party. Assume for a second that the statute applies. Who was the prevailing party in this action? Exactly. Who is the prevailing party? This is not clear. That's why I'm asking you the answer. Yes, I want to answer. With respect to... Answer it maybe at the same time. Who is not the prevailing party? I don't care who is the prevailing party. I care who is not the prevailing party. And the question is, of course, with respect to what claims? So with respect to the question of validity of the assessment, the validity of the lien, clearly the association is the prevailing party. There was not even that issue wasn't even raised. Well, your claim was approved. It was just put in a different box. Right. They prevailed in the sense that they are going to receive some money. But what happened here is that the association also raised other claims, which is bad faith in the bankruptcy filing, the value of the property, and the validity of this third-party mortgage lender's mortgage. You lost on those. And in those, we lost. But those are not the claims of the nature that this statute contemplates. None of these claims were claims to collect or to foreclose or to enforce. Did you do anything to try to enforce any provision of the association documents? Overall, of course, there was the state court in the bankruptcy proceeding. Did you do anything to try to enforce any provision of the documents in the bankruptcy proceeding? Our position is that we simply gave notice of the question, did you take an action? We believe not within the meaning of the statute. I don't think he asked you whether you took an action. He said, did you do anything? Right. But do anything? I think you're hesitating because you don't want to give me the answer. Well, I want to give the answer that is consistent, that is actually, I'm assuming that the question is within the meaning of the statute because that's the relevant issue. No, no, answer the question. Did you do anything? Answer the question without reference to the statute. And then we can plug in the statute. Did you do anything to try to enforce any provision of the documents in the bankruptcy court? I would say no. So what the heck were you doing in the bankruptcy court? Just gave notice. Because the only basis you had for anything was enforcing documents. So if you're not there, why were you there? If you weren't doing anything, why were you there? Just gave notice that the… No, you were there because you filed a claim, right? The filing of the claim… Were you trying to protect the secured position of your claim? Actually, the claim was already scheduled. It was already listed by the debtor. And the debtor would have raised this issue anyway. So it wasn't really, you know, the filing of this proof of claim was just to give notice and provide the additional information about the background. Here's the difficulty, and I understand why you're dancing around. Surely, this was an action that had something to do with enforcing the associated documents. I agree with you. I mean, so I don't know why you fight that issue. You're not doing your job if you're not trying to see if you've got unenforceability on here. It turns out you didn't have one because of the valuation of the property, but I don't blame you for doing this. Yeah, the tough question for us is, does that fall within this statutory provision? Right. So I'm not sure it's helpful to say, well, not really, and they filed something. Okay, I thought that was the question. How does this relate to the statute? Yes, I mean, certainly we did something that related to our claim, something that ultimately, in the general scheme of things, was intended to ensure that the association got paid. Yes. Yeah. Okay. That takes you up to time. I appreciate it. Thank you. Now, we took you over time. Let's put one minute on the clock. Did they do anything to enforce? Yes, they were attempting to enforce the lien, but as you can see, they're also attempting to enforce Section 6.02 of the contract, where they say that they're entitled to their fees, even as the losing party pursuant to Section 6.02. Was the claim that was approved, in effect, or put into the unsecured box, included their fees, did it not? The proof of claim was 80% fees. I'm sorry, the fees post-petition that they're asserting as a set-off were all of the fees that they incurred fighting us in their losing battle. So they're invoking the contract, attempting to enforce the provision, Section 6.02, for the very same litigation which they lost. And then in terms of the prevailing party. Now you've lost me, so I want to make sure I understand you. They were seeking, even after they lost in the bankruptcy proceeding, they were seeking their fees for losing. Yes. And is that the order on which the judge awarded fees? It seems to me that the bankruptcy judge awarded fees because they did not prevail in enforcing the lien. Absolutely. The bankruptcy judge awarded us fees. Right. But they, in the stay-relief motions and in the opposition to the fee motion, said that they were entitled to their fees. Okay, now I understand. You had me confused about the proceedings. Sure, when they filed it, they said, if we win in this action, we're entitled to additional fees. No, Your Honor. They said that even if we're entitled to the $27,000 fee award, their fees were $34,000 for the very same litigation and that they were entitled to set off and that we owed them $7,000 or so, whatever the difference was. And the basis for that was the contract, was Section 6.02 of the contract. They were attempting to enforce that provision of the contract. And may I just go to the— The district court rules on that issue. The bankruptcy— Bankruptcy court, I'm sorry. Yes. What happened in the bankruptcy court was they made the set-off argument. And the judge said, yes, I agree that you're entitled to set off any assessments that came due post-petition. But what they didn't let on and what they didn't tell us until the stay-relief motions, that they weren't just asserting that they were due the annual dues of $130. They were saying, no, we have an independent right under the contract, under Section 6.02. I understand what you're saying. I'm asking you, where can I find the district judge awarding you fees on that issue? The bankruptcy judge, I'm sorry. When I read the bankruptcy court's order, it's simply awarding you fees because they didn't prevail in proving a secured claim as opposed to an unsecured claim. Is there any place where I can find an order by the bankruptcy judge saying you get fees because they failed on their set-off argument? No. Okay. ER? Yeah, I'm sorry. It's in one of the orders denying stay pending appeal. What's the— All right. Well, I'll look. I think it's on page three of the bankruptcy judge's order. Yeah. Finally, I agree, but I think that's where it is. Yeah, so they're attempting to enforce that separate provision as well. And in terms of the prevailing party, if I may, in Hawaii, the prevailing party is the party who prevails on the main disputed issue. Well, but I'll come back to this, and I don't think this is just nitpicking over words. The statute's a weird statute. It does not require that you be the prevailing party. Right. It requires only that they not be the prevailing party because there may be certain circumstances in which you really didn't prevail. All you did was fight them off. And, for example, the BAP seems to think, well, you made some claims upon which you didn't prevail, and therefore you weren't the prevailing party. But the focus is really not on you and what you prevailed or did not prevail. The focus is on what they claimed and whether they lost it or not. And if they didn't prevail, provided it comes under the statute, then you get your fees. And we submit that they did not prevail in that they were unable to enforce their contract. Well, I understand they didn't prevail, and then the question is, is the action that they took or the things that they did, were those actions contemplated within the terms of the three things in the statute? Well, I think that you have to look at Travelers for that. I don't look at Travelers. I look at the Hawaii statute. All Travelers says is that we look to the statute. But it also says that the statute will apply in litigation peculiar to bankruptcy, provided that it is not expressly excluded. We all agree the statute is not excluded from application. That doesn't mean it applies. I mean, it doesn't say unless it's in a bankruptcy. No, no. But nobody is saying here the statute covers your case, but we're not going to apply it because this is a bankruptcy proceeding. No, no, because what does the statute mean? Both sides agree the statute applies. The question is whether or not you fit in any of the boxes in the statute. All Travelers tells us is there are some statutes we don't even use in bankruptcy proceedings because they're excluded. This isn't one of them. Okay. We got it. At least we got some of it. Thank both sides for their arguments. Thank you. Fatalia v. Village Park, submitted for decision.
judges: Tashima, W. Fletcher, Hurwitz